IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAM NICHOLSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 1:05-CV-665-KD-B |
| GRIEG INTERNATIONAL, A.S., et al., | ) |
| Defendants. | |
| | ) |

**ORDER**

This matter is before the Court on the motion of Homeport Insurance Company

("Homeport") for intervention.  (Doc. 20)  Homeport seeks leave of Court to intervene in this

action on a limited basis, without participating in the trial of this matter as a party plaintiff on the

grounds that it seeks to protect its lien under the Longshore and Harbor Workers' Compensation

Act.  ("LWHCA")  (Id. at 2)

I.      Background

On or about November 16, 2005 plaintiff Sam Nicholson filed the instant action against

defendants Grieg International, A.S., Masterbulk PTE and Star Shipping AS, to recover damages

for injuries plaintiff alleges he sustained on or about September 25, 2003, in Mobile, Alabama.

(Doc. 1)  At the time he allegedly incurred injury, Nicholson was employed by CSA Equipment

Co., LLC, ("CSA Equipment") as a longshoreman.  (Id.)

On April 28, 2006 defendants filed a joint answer wherein they collectively deny the

allegations in the complaint.  (Doc. 10) On August 8, 2006 Homeport, identified as the LHWCA

carrier for plaintiff's employer, CSA Equipment, filed the instant motion to intervene.  (Doc. 20)

Neither plaintiff nor any of the defendants have filed a response or objection to the motion to

intervene.

On September 11, 2006 plaintiff filed a motion to amend the complaint.  (Doc. 23) The

Court granted the motion and plaintiff filed an amended complaint on September 26, 2006.

(Docs. 29) [1]

II.      Analysis

Homeport maintains that it provided coverage under the LHWCA for CSA Equipment  at

all material times and that pursuant to such coverage, Homeport has made voluntary payment of

$14,662.48 in compensation benefits and $19,578.85 in medical benefits under the LHWC to or

on behalf of plaintiff.  (Doc. 20 at 2)  Homeport now moves the Court for limited intervention in

order to preserve its subrogation rights.

Homeport argues that under the LHWCA and the holding of the Fifth Circuit Court of

Appeals in Albert v. Paulo, 552 F.2d 1139 (5th  Cir. 1977) [2], it is entitled to receive

reimbursement from any recovery by the plaintiff against the named defendants in this action for

the benefits paid to or for the benefit of the plaintiff under the provisions of the LHWCA. (Doc.

20 at 2)  Homeport further argues that it is entitled to protect its interests by asserting its lien

and seeks to intervene in the instant action on a limited basis.  (Id.)  Specifically, Homeport

_____

[1]  As part of the amended complaint, Grieg Shipping was dismissed as a defendant in this
action.  (See Doc. 23)

[2]  Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding
precedent on the Eleventh Circuit. Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209
(11th Cir.1981) (en banc).

maintains that it "does not desire to participate actively in the trial of this cause" but, rather, seeks to intervene to "protect its lien under the Longshore and Harbor Workers' Compensation Act". (Id.)  Further, Homeport asks that the Court "at the conclusion of the trial of this case but before entry of final judgment, [ ] make a determination as to the amount of reimbursement for benefits paid under the LHWCA from damages recovered in this action.  (Id.)

Fed. R. Civ. P. 24 [3] provides two vehicles by which a party may intervene in an action. The first, "intervention of right", is where the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical mater impair or impede the applicant's ability to

---

[3]  Fed. R. Civ. P. 24 provides, as follows:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(a).

protect that interest, unless the applicant's interest is adequately represented by existing parties.

Id.  The second means of intervention, termed "permissive intervention," is allowed when an

applicant's claim or defense and the main action have a question of law or fact in common.

Homeport does not indicate under which provision of Rule 24 it is proceeding.  It appears

to the Court, however, that their motion is governed by Fed. R. Civ. P. 24(a)(2) since Homeport

is claiming an interest relating to the property or transaction which is the subject of the action.

Petitioner cites the Court to no authority in support of its motion [4] and the Court's own

research has revealed scant authority on the issue.  Moreover, there appears to be little

consistency among the courts that have addressed the matter, with some allowing intervention to

protect the compensation lien under Federal Rules of Civil Procedure 24 and some denying such

intervention.  See Lewis v. United States, 812 F.Supp. 629, 631 (E.D.Va.1993) (allowing

intervention under Fed.R.Civ.P. 24(a)(2)); Beach v. M & N Modern Hydraulic Press Co., 428

F.Supp. 956 (D.C.Kan. 1977)("There is no doubt that Kuhlman and Employers Mutual have the

right to intervene in order to protect their statutory lien. The motion to intervene is therefore

sustained. It is also clear, however, that their status as intervenors is very limited and does not

allow them the privilege of participating at trial.); *Cf.* Gorrell v. Kansas Power & Light Co., 369

P.2d 342, 345 (Kan. 1962) (holding that insurance carrier was erroneously permitted to actively

participate in the trial–"this was plaintiff's lawsuit and the insurance coverage under the

compensation act had no place in the pleadings or the evidence.")

The Fifth Circuit Court of Appeals addressed this issue  in  Allen v. Texaco, Inc., 510

---

[4]  Petitioner cites only Albert v. Paulo, 552 F. 2d 1139 (5th Cir. 1977) for the proposition
that it is entitled to reimbursement for any recovery by plaintiff for benefits petitioner paid under
the LHWCA.  (Doc. 20 at 2)

F.2d 977 (5th Cir. 1975).  In <u>Allen</u>, the plaintiff employee brought suit against a third party who

he alleged was responsible for his on-the-job injuries.  Plaintiff's employer moved and was

granted the right to intervene in order to assert its compensation lien. Thereafter, the plaintiff

reached a settlement with the third party wherein the third party agreed to pay the worker

$15,000 plus "any additional amount which might be owed on the subrogation claim" asserted by

the employer.  <u>Id</u>. at 978.  The Court noted that "where the employee himself sues the third party

tortfeasor, the courts have long recognized a right of subrogation to the extent of payments

made, and have permitted the employer or its insurer to intervene in the employee's suit to

protect its right, even where compensation was paid without entry of a formal compensation

award."  <u>Id.</u> at 979-80.  However, the Court further noted that the employer had executed a

waiver in its contract with the third party.  Thus, the issue before the Court was whether the

employer, by waiving its subrogation rights in a contract with the third party, forfeited its right to

assert a compensation lien.  The Court held that there must be an underlying right of subrogation

in order for a compensation lien to exist.  Since the employer had waived that subrogation right,

the Court concluded that the compensation lien had been extinguished. <u>Id.</u> at 978.

     In <u>Campos v. Crescent Towing & Salvage Co., Inc</u>., 2002 WL 31556349

(E.D.La., November 15, 2002) the district court for the Eastern District of Louisiana, in granting

the compensation carrier's motion for intervention, opined, in part, as follows:

> As a matter of federal law, it is well established that the LHWCA entitles an
> employer to full reimbursement from any recovery by the compensated employee
> from a third party tortfeasor. <u>See Bloomer v. Liberty Mutual Ins. Co.</u>, 445 U.S.
> 74, 86 (1980). An employer's subrogation right is derived from the worker's claim
> against the third party. <u>Peters,</u> 764 F.2d at 316. As a result, the employer's
> subrogation rights and the worker's third party action form a unitary cause of
> action. <u>Peters,</u> 764 F.2d at 316-17. *Thus, it is usual for an employer or the carrier*
> *to intervene in the worker's suit and assert a lien on the worker's recovery*. <u>Allen</u>

v. Texaco, Inc., 510 F.2d 977, 979-80 (5th Cir.1975).

> When such a lien exists, an injured worker and the defendant third party may allocate between themselves responsibility for paying off the compensation lien. Peters, 764 F.2d at 321. The injured worker and the alleged third party tortfeasor may also confect any settlement that does not violate the LHWCA or public policy. Speaks, 838 F.2d 1438. Because the carrier's rights to compensation automatically attach, the defendant and the third party may not, however, barter away the compensation lien rights of the compensation carrier without the carrier's knowing consent or participation. See id. Therefore, the Court finds that LWCC's subrogation right to be reimbursed for the payments it made to the plaintiff as provided by the LHCWA, provides it with sufficient interests to intervene in the instant matter.

Id. at *4 (emphasis added).

In the instant case, Homeport contends that it has paid benefits to plaintiff or plaintiff's representative under the LHWCA and now seeks to enforce its subrogation rights.  (Doc. 20 at 2) Unlike Allen, there has been no allegation that Homeport has waived or otherwise compromised that right.  Accordingly based on the reasoning of Allen, Homeport's motion to intervene is **GRANTED**.

IV.    Conclusion

Based on the foregoing, Homeport's motion to intervene is **GRANTED.**

**DONE** this the 27ᵗʰ day of October, 2006.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**